IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH TENPENNY, #13383-062,<br>　　　　Movant, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 3:17-CV-1081-B-BK<br>(Criminal No. 3:14-CR-367-B-23) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED WITH PREJUDICE** as meritless.

**I. BACKGROUND**

Movant pleaded guilty to possession of a controlled substance with intent to distribute. *See* Crim. Doc. 1118. Because he possessed a "dangerous weapon," as that phrase is defined in the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.1, his offense level was increased by two. *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels). Movant's resulting Guideline sentence range was between 210 and 240 months in prison. *See* Crim. Doc. 1119. He was sentenced to 60 months in prison with three years of supervised release. *See* Crim. Doc. 1118.

Movant did not appeal. His 28 U.S.C. § 2255 motion claims only that U.S.S.G. § 1B1.1's definition of "dangerous weapon" is unconstitutional in the wake of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015). *See* Doc. 2 at 4-8 (citing *Johnson* and

arguing that "the way the guideline enhancement was applied in [Movant's] case was void for vagueness."); *see also* U.S.S.G. § 1B1.1 cmt n. 1(D) (defining "[D]angerous weapon" as, inter alia, "an object that is not an instrument capable of inflicting death or serious bodily injury but [that] closely resembles such an instrument.").

## II. ANALYSIS

Movant's attempt to challenge U.S.S.G. § 1B1.1 is foreclosed by *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. So there is no merit to Movant's claim that U.S.S.G. § 1B1.1 defines "dangerous weapon" in a way that is unconstitutionally vague. *See United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** December 8, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE